

**SO ORDERED.**

**SIGNED this 29 day of November, 2006.**

*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

Matthew D. Williams,

                **DEBTOR.**

CASE NO. 05-17575-7
CHAPTER 7

MEMORANDUM AND ORDER GRANTING MOTION TO CONVERT CASE FROM
CHAPTER 7 TO CHAPTER 13

      The matter before the Court is the objection of Trio Machine, Inc., to Debtor's motion to convert his case from Chapter 7 to Chapter 13. Trio Machine, Inc. (hereafter "Trio"), appears by Jeffery L. Carmichael and Karl R. Swartz of Morris, Laing, Evans, Brock & Kennedy. Debtor appears by David J. Lund of Dewey & Lund, L.L.P. There are no other appearances. The Court has jurisdiction to decide this matter.[1]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C.A. § 157(a) and § 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion to convert a bankruptcy is a core proceeding which this court may hear and determine as provided in 28 U.S.C.A. § 157(b)(2)(A). There is no objection to venue or jurisdiction over the parties.

In his motion, Debtor expresses his desire to convert from a Chapter 7 to a Chapter 13 bankruptcy. Debtor also asserts that he qualifies to be a debtor under Chapter 13. Trio objects to Debtor's motion to convert, claiming the motion was filed in bad faith in order to avoid a possible judgment in Trio's favor in dischargeability litigation.

Debtor began his bankruptcy by filing a petition under Chapter 7 on October 11, 2005. He owes Trio $30,592.50, plus interest, based on a state court judgment. According to Debtor's Schedule F, Trio's claim makes up approximately 95% of the unsecured claims against him. Debtor scheduled no secured claims. On December 22, 2005, Trio filed a complaint, which was docketed as Adversary No. 05-5910, seeking to except its entire claim from discharge under § 523(a)(2)(A) of the Bankruptcy Code. Trio also claims that Debtor's Schedule I shows he is unemployed and has no income, making him ineligible for Chapter 13 bankruptcy. However, in his motion to convert, Debtor claims he has become employed since he filed for bankruptcy. For the following reasons, the Court overrules the objection.

The question presented is whether Debtor has an absolute right to convert the case. The Bankruptcy Code provision addressing his right to conversion is § 706. It provides in relevant part:

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
> . . .
> (c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests or consents to such conversion.
> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such a chapter.[2]

---

[2] 11 U.S.C.A. § 706.

Both the Tenth Circuit Court of Appeals and the Bankruptcy Appellate Panel of the Tenth Circuit have held that a debtor in a Chapter 7 case that has not previously been converted has a right to convert the case to one under another chapter under which he is eligible to proceed.[3] The Bankruptcy Appellate Panel decision of *In re Miller* makes clear that "the bankruptcy court does not have the discretion to deny conversion on any basis other than the requirements set forth in [§ 706]."[4] The Bankruptcy Appellate Panel explained that under the plain language of § 706, a debtor may convert at any time as long as the following two elements are met: first, the debtor has not previously converted his case, and second, the debtor meets the eligibility requirements of the chapter to which the debtor wants to convert.[5] Under § 109(e), an individual may be a Chapter 13 debtor if he has regular income, unsecured debts less than $307,675 and secured debts less than $922,975.[6] *Miller* goes on to explain that the plain language of § 706 and the legislative history of the statute suggest that Congress intended to give a Chapter 7 debtor the right to convert the case once, putting the debtor in the same position he would have been in had he originally filed under Chapter 13 of the Bankruptcy Code.[7]

In *In re Young*, as in the current situation, the creditor objected that the debtor's request for conversion to Chapter 13 was made in bad faith to avoid payment of an outstanding judgment in favor of the creditor. In *Young*, the debtor moved for conversion after he had already received his Chapter 7 discharge. The Tenth Circuit reasoned that "[t]he provisions of 11 U.S.C. § 1325 ensure that a Chapter 13 plan arising out of a conversion from Chapter 7 will be properly

---

[3] *In re Young*, 237 F.3d 1168 (10th Cir. 2001); *In re Miller*, 303 B.R. 471 (10th Cir. BAP 2003).
[4] *Miller*, 303 B.R. at 472.
[5] *Id.* at 473.
[6] 11 U.S.C.A. § 109(e). *See* § 104(b); Revision of Certain Dollar Amounts in the Bankruptcy Code Prescribed Under Section 104(b) of the Code, 69 Fed. Reg. 8482 (Feb. 24, 2004).
[7] *Miller*, 303 B.R. at 476.

3

scrutinized by the bankruptcy court before the plan is confirmed, mitigating the danger of abuse."[8] This indicates that the good faith determination should be made when evaluating the Chapter 13 plan, and not when deciding whether to allow the conversion in the first place.[9]

This Court finds that the holdings of the Tenth Circuit and Tenth Circuit Bankruptcy Appellate Panel apply in this case. Under those decisions, it is clear that Debtor is eligible to convert his Chapter 7 case to Chapter 13 provided he is eligible to be a debtor under Chapter 13. The Court cannot and will not determine whether Debtor is acting in bad faith until his Chapter 13 plan has been submitted. While it is true Debtor did not have a job at the time of his original filing, according to his motion to convert, Debtor is now employed. Therefore, because Debtor is employed and the amount of his debts is under the limits established under § 109(e), Debtor has the right to convert his case to Chapter 13. Trio's objection to the motion to convert is overruled.

Debtor's motion to convert this case to Chapter 13 is hereby granted.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 9014(c) and 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

# # #

---

[8] *Young*, 237 F. 3d at 1174.
[9] *Id.*

4