**SO ORDERED.**

**SIGNED this 13 day of July, 2007.**



_____
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In Re: | |
|---|---|
| MATTHEW DWIGHT WILLIAMS, | CASE NO. 05-17575 |
| | CHAPTER 13 |
| DEBTOR. | |

### MEMORANDUM AND ORDER OVERRULING OBJECTION OF TRIO MACHINE, INC. TO CONFIRMATION OF CHAPTER 13 PLAN AND GRANTING MOTION OF TRIO MACHINE, INC. FOR ORDER ALLOWING FILING OF PROOF OF CLAIM OUT OF TIME

On June 19, 2007, came on for trial the Objection of Trio Machine, Inc. to Confirmation of Chapter 13 Pan (hereafter "Objection").[1] Also before the Court was the Motion of Trio Machine, Inc. for Order Allowing Filing of Proof of Claim Out Time.[2] Trio Machine, Inc.

---

[1] Doc. 40.

[2] Doc. 49.

(hereafter "Trio") appeared by Jeffery L. Carmichael of Morris, Laing, Evans, Brock & Kennedy. Matthew Dwight Williams (hereafter "Debtor") appeared by David J. Lund. The Chapter 13 Trustee, Laurie B. Williams, was also present. There were no other appearances. The Court has jurisdiction.[3]

When objecting to confirmation, Trio contends that Debtor's plan was proposed in bad faith in violation of 11 U.S.C. § 1325(a)(3). Debtor is indebted to Trio pursuant to a prepetition state court judgment for $30,592.50, plus interest. This case was commenced under Chapter 7, and Trio filed a complaint seeking to except its claim from discharge. Debtor moved to convert the proceeding to one under Chapter 13. Trio objected to conversion, contending it was in bad faith to avoid a possible nondischargeability judgment. The Court overruled the objection and allowed conversion. Debtor filed his plan, through which Trio would receive approximately $3,700 of its claim. Trio objected to the plan.

Following the close of the evidence, and having considered the testimony, exhibits, briefs, and statements of counsel, the Court, ruling from the bench, overruled the objection to confirmation, finding that the conversion from Chapter 7 to Chapter 13 was in good faith and the plan was not proposed in bad faith. Although the issue was not before the Court, the Court found, based upon the state court judgment findings of fact and the additional testimony presented, that the objection to discharge of Trio's claim pursuant to § 523(a)(2)(A) would have

---

[3] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. An objection to confirmation is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(L). There is no objection to venue or jurisdiction over the parties.

2

been denied.  The Court stated on the record its Findings of Fact and Conclusions of Law, which are incorporated herein by this reference.

Further, for the reasons stated on the record, which are incorporated herein, the Court granted the Motion of Trio Machine, Inc. for Order Allowing Filing Proof of Claim Out of Time.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.  A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###